[Crim. No. 6212.   In Bank.   Oct. 28, 1958.]

THE PEOPLE, Respondent, v. DENNIS JOHN DOYLE, Appellant.

Wallace A. Pinnick, under appointment by the Supreme Court, and Austin, Austin, Jones & Chaffee for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

THE COURT.—Defendant, who was 80 years of age at the date of trial, was charged with forgery in four counts and two prior convictions. He was represented by a deputy public defender and pleaded guilty to the first count of forgery. The trial court denied probation, dismissed the other three counts of forgery and the two prior convictions, and sentenced defendant to the state prison for the term prescribed by law. Defendant appeals from the judgment of conviction.

We ordered a hearing on our own motion since this case involved the same question presented in *People* v. *Hyde, ante,* p. 152 [331 P.2d 42], i. e., the appointment of counsel on appeal for an indigent defendant who has been convicted of a crime. Our discussion of that question in the Hyde case also applies here.

Defendant contends that the trial court erred in denying his request to withdraw his plea of guilty. He made this request immediately following the pronouncement of sentence. At that time the following colloquy occurred:

"THE DEFENDANT: May I speak?

"THE COURT: Yes.

"THE DEFENDANT: I was told by the District Attorney's office that I only had one charge left against me which was a misdemeanor, cut down to a misdemeanor, by my attorney; he told me that I only had $2.47 charge left against me. And he told me it was cut down to a misdemeanor, and when the probation officer saw me, he told me that it was up to the Court, that I should get probation, that he would grant it.

"MR. BRILL: Your Honor, that is a misstatement of the facts. We did not tell Mr. Doyle that this was a misdemeanor.

"THE DEFENDANT: Sir, are you my attorney?

"MR. BRILL: I am.

"THE DEFENDANT: Didn't you tell me right to my face— your name was Mr. Briggs, and that I would——

"MR. BRILL: My name is 'Mr. Brill,' and I told you that you are pleading guilty to one count of forgery and it was not a misdemeanor.

"THE DEFENDANT: One count and it was supposed to be cut down to a misdemeanor.

"THE COURT: Do you want to discuss this with your client any further?

"MR. BRILL: I don't know whether my client wants to discuss it with me. He is misstating the facts, your Honor.

"THE DEFENDANT: Sir, I want to rescind my plea, if it is

that way; I want to go to a Court and have a trial. I can't go to the penitentiary at my age.

"THE COURT: Well, your age isn't going to save you, Mr. Doyle. If you feel that you have pled guilty to something that you are not guilty of——

"THE DEFENDANT: Well, I am guilty of the one charge, I admit it, but I want to stand a court trial. I think I can get out of it, by gosh, the way I've been treated.

"THE COURT: Well, if you are guilty of the charge, then, the charge is forgery of one check although you acknowledged, as I recall, to the probation officer, or the officers have, that this is only one of many, and not only that but you were released on bail and when you were released on bail, you went to Seattle and were brought back.

"THE DEFENDANT: Yes, sir, I admit that.

"THE COURT: Well, if you are guilty of the offense, there is no way you are going to get out of it, that is for sure.

"The former order will stand."

■ Defendant contends that the foregoing establishes that his plea of guilty was induced by the misrepresentation of a member of the office of the district attorney that the only charge remaining was a misdemeanor and that this ground was stated in open court and was not denied by the district attorney. Although the alleged misrepresentation was not denied by the deputy district attorney, it was contradicted by Mr. Brill, defendant's counsel. In each of the cases cited by defendant in support of his contention, *People* v. *Griggs*, 17 Cal.2d 621, 624 [110 P.2d 1031], and *People* v. *Butterfield*, 37 Cal.App.2d 140, 143-144 [99 P.2d 310], there was a substantial defense to the crime charged, whereas, in this case, defendant does not claim that he has any defense, and the record shows that when questioned by the trial court he readily admitted his guilt of the crime to which he pleaded guilty as well as others. Moreover, the record also shows that when defendant was arraigned to enter his plea, he was informed that he was charged with forgery, "a felony," and was asked how he pleaded to count I, "a felony." The record does not sustain defendant's contention that the trial court committed error in refusing to permit him to withdraw his plea of guilty.

The judgment is affirmed.

Schauer, J., concurred in the judgment.

Spence, J., did not participate herein.